IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HENSEL PHELPS CONSTRUCTION CO.,

        Plaintiff,

v.                                                  CIVIL ACTION NO. 3:11-1020

DAVIS & BURTON CONTRACTORS, INC., and
ST. PAUL GUARDIAN INSURANCE CO.,

        Defendants; Third Party Plaintiff,

v.

FREELAND & KAUFFMAN, INC.,
BRR ARCHITECTURE, INC.,
CBC ENGINEERS AND ASSOCIATES, LTD.,
MACTEC ENGINEERING AND CONSULTING, INC.
n/k/a AMEC, and CONTECH CONSTRUCTION PRODUCTS
n/k/a Contech Engineered Solutions, LLC,

        Third Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the motion (ECF No. 60) by Third Party Defendant MACTEC Engineering and Consulting, Inc. ("MACTEC"), to dismiss the Third Party Complaint. For the reasons stated below, the motion to dismiss is **DENIED**.

**Statement of Facts**

Plaintiff Hensel Phelps Construction Co., Inc. ("Hensel Phelps"), commenced the present litigation against Defendant Davis & Burton Contractors, Inc. ("Davis & Burton"), on December 29, 2011, alleging breach of contract and breach of express warranty. Compl., ECF No. 1. These

claims related to subcontractor Davis & Burton's site work and construction of a storm drain system for a Wal-Mart store on behalf of contractor Hensel Phelps. Plaintiff later filed its First Amended Complaint ("FAC"), which again sought damages from Davis & Burton for breach of contract and breach of express warranty. The FAC additionally sought damages from Defendant St. Paul Guardian Insurance Co. for a claim on a performance bond. ECF No. 19. The FAC alleges that on or about April 22, 2008, Wal-Mart notified contractor Hensel Phelps that site work and storm drainage system work completed by Hensel Phelps did not satisfy the project's specifications, and needed to be corrected. ¶¶ 14-15. Hensel Phelps subsequently notified subcontractor Davis & Burton that Davis & Burton was responsible for repairing those defects. *Id.* ¶ 16. Hensel Phelps sent Davis & Burton written letters to this effect and, eventually, two separate Three Day Notices and Demands for Correction.[1] *Id.* ¶ 18. After Davis & Burton did not response to the two Notices, Hensel Phelps sent Davis & Burton a written Notice of Termination on or about March 22, 2010, and then Hensel Phelps completed the repairs itself. *Id.* ¶¶ 19-21.

Defendant Davis & Burton thereafter filed a Third Party Complaint against MACTEC and other entities, alleging the following causes of action against MACTEC: negligent design, breach of implied warranty of plans and specifications, negligent misrepresentation, negligent misrepresentation and supervision, and common law indemnification.[2] Third Party Compl., Sept. 24, 2012, ECF No. 27. Engineering and consulting firm MACTEC is alleged to have "inspected the construction site at issue as well as the actual construction on an ongoing basis throughout the construction phase." Third Party Compl. ¶ 7. MACTAC is also alleged to have been an agent

---

[1] These notices, sent on or about October 16, 2009, and March 11, 2010, were sent pursuant to Article 19(a) of the subcontract between Hensel Phelps and Davis & Burton.

[2] Some of these claims were brought against other Third Party Defendants in addition to MACTEC. Davis & Burton also brought a claim solely against Contech Construction Products for products liability. Because this Memorandum Opinion and Order addresses MACTEC's motion to dismiss, its analysis will only focus on claims brought against MACTEC.

for Wal-Mart and/or project engineer Freeland & Kauffman, Inc. *Id.* ¶ 7. Davis & Burton allege that "MACTEC rendered opinions as to the site development plan as well as the work performed by the Third Party Plaintiff and others upon which the Third Party Plaintiff relied upon in performing its work." *Id.* ¶ 7.

MACTEC filed the pending motion to dismiss the Third Party Complaint, arguing that all of Third Party Plaintiff Davis & Burton's claims should be dismissed as time-barred, and that Davis & Burton's claim for breach of implied warranty of plans and specifications should be dismissed for failure to state a claim. ECF Nos. 60, 61.

In Section I, the Court will discuss the standard of review generally applicable to motions to dismiss. In Section II, the Court will discuss MACTEC's argument that Third Party Plaintiff's claims are time-barred. In Section III, the Court will discuss the claim for breach of implied warranty of plans and specifications.

## I. Standard of Review

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . .

3

. be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## II. Analysis of Whether Third Party Plaintiff's Claims are Time-Barred

### A. Applicable Statutes of Limitation

Third Party Defendant MACTEC asserts, and Third Party Plaintiff Davis & Burton does not refute, that the applicable statute of limitations for all claims in the Third Party Complaint can be found in West Virginia Code § 55-2-12: "Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property . . . ." The Court agrees that the claims for negligent design, negligent misrepresentation, and negligent misrepresentation and supervision fall within the scope of § 55-2-12, and are subject to a two-year statute of limitations.

Additionally, the claim for breach of implied warranty of plans and specifications is subject to a two-year statute of limitations. Although West Virginia Code § 55-2-6 provides for a longer statute of limitations for contract actions, the Court notes that this claim does not sound in contract. *See E. Steel Constructors, Inc. v. City of Salem*, 549 S.E.2d 266, 276 (W. Va. 2001) (involving action by contractor against engineering/architectural firm for misconduct in planning projects for city, where contractor had contract with the city but not with the firm; rejecting circuit court's decision that "a claim for breach of implied warranty [of plans and specifications] could be pursued only as an action sounding in contract"). Given the lack of express or implied contract between MACTEC and Davis & Burton, Davis & Burton's claim for breach of implied warranty of plans and specifications is subject to the two-year statute of limitations found in § 55-2-12, rather than the longer period found in § 55-2-6.

Davis & Burton's claim against MACTEC for common law indemnification[3] is also subject to a two-year statute of limitations. West Virginia Code § 55-2-6a provides that

---

[3] Although titled as a claim for indemnification, the substance of the claim requests indemnification and contribution.

indemnity claims related to construction of real property cannot "be brought more than ten years after the performance or furnishing of such services or construction" by builders and architects.[4] However, this ten-year period is an outside limit, and "[p]re-existing statutes of limitation for both contract and tort actions continue to operate within this outside limit." Syl. Pt. 6, *Neal v. Marion*, 664 S.E.2d 721, 723 (W. Va. 2008). Davis & Burton's underlying indemnification claim against MACTEC sounds in tort, not contract, and is therefore subject to a two-year statute of limitations.

## B. Tolling

MACTEC claims that Davis & Burton's present cause of action accrued no later than October 16, 2009, the date on which Hensel Phelps sent Davis & Burton the second Three Day Notice and Demand for Correction. Plaintiff Hensel Phelps filed its original complaint, naming Defendant Davis & Burton, on December 29, 2011, and Davis & Burton filed the Third Party Complaint on September 24, 2012. MACTEC argues that because Davis & Burton filed the Third Party Complaint more than two years after its causes of action accrued, all claims against MACTEC have expired and should be dismissed. Davis & Burton, in its response to MACTEC's motion to dismiss, does not dispute MACTEC's claim that "Davis & Burton knew or should have known of MACTEC's acts of negligence as alleged in the Third Party Complaint by no later than

---

[4] West Virginia Code § 55-2-6a reads as follows:
> No action, whether in contract or in tort, for indemnity or otherwise, nor any action for contribution or indemnity to recover damages for any deficiency in the planning, design, surveying, observation or supervision of any construction or the actual construction of any improvement to real property, or, to recover damages for any injury to real or personal property . . . may be brought more than ten years after the performance or furnishing of such services or construction: Provided, That the above period shall be tolled according to the provisions of section twenty-one [§ 55-2-21] of this article. The period of limitation provided in this section shall not commence until the improvement to the real property in question has been occupied or accepted by the owner of real property, whichever occurs first.

October 16, 2009 . . . ." ECF No. 61, at 7. Therefore, this Court will base its analysis of tolling on the assumption that Davis & Burton's claims against MACTEC, other than for indemnification and contribution, accrued on that date.[5]

Davis & Burton responds that its claims are not time-barred due to the application of tolling under West Virginia Code § 55-2-21:

> After a civil action is commenced, the running of any statute of limitation shall be tolled for, and only for, the pendency of that civil action as to any claim which has been or may be asserted therein by counterclaim, whether compulsory or permissive, cross-claim or third-party complaint: Provided, that if any such permissive counterclaim would be barred but for the provisions of this section, such permissive counterclaim may be asserted only in the action tolling the statute of limitations under this section.

MACTEC argues in its reply that § 55-2-21 does not help Davis & Burton because the statute of limitations for Davis & Burton's claims against MACTEC already expired before Hensel Phelps commenced this litigation, and § 55-2-21 does not "resurrect or revive" already-expired claims. ECF No. 72, at 10.

This Court is persuaded that § 55-2-21 does toll claims that already expired before a civil action commenced, based on the Supreme Court of Appeals of West Virginia's discussion of § 55-2-21. *See J.A. St. & Assocs., Inc. v. Thundering Herd Dev., LLC*, 724 S.E.2d 299 (W. Va. 2011). In that case, the court of appeals was tasked with assessing whether cross-claims by defendant J.A. Street & Associates, Inc. ("Street"), against co-defendant S&ME, Inc. ("S&ME"), were correctly dismissed as time-barred by the circuit court below on summary judgment.[6] The

---

[5] The Court notes that "[t]he right of action for indemnity arises at and limitations begin to run from, the time of payment or settlement by the one secondarily liable, and the right of contribution arises at, and limitations begin to run from, the time of payment in excess of plaintiff's proportionate share . . . ." *Bradford v. Ind. & Mich. Elec. Co.*, 588 F. Supp. 708, 714 (S.D. W. Va. 1984) (quoting *Nw. Airlines, Inc. v. Glenn L. Martin Co.*, 161 F. Supp. 452 (D. Md. 1958)).

[6] The cross-claims stemmed from Thundering Herd Development's 2003 lawsuit against S&ME

circuit court had found that "Street had knowledge of an independent action against S&ME in 2003" based on Street's receipt of certain reports, that Street's claims were subject to a one-year or two-year statute of limitations, and therefore Street's claims against S&ME were time-barred before 2007, when Street was first made a party to that case. *Id.* at 302-05 & n.1 ("The circuit court held that Street was not a party to the action until 2007, and, by that time, its individual cause of action against S&ME for damages Street incurred in 2003 was already time-barred."). The circuit court also found that tolling under § 55-2-21 was inapplicable because Street's self-styled "cross-claims" were in actuality independent causes of action. *Id.* at 302. The circuit court's ruling suggested that if Street's causes of action were truly cross-claims, then § 55-2-21 would have applied to toll the statute of limitations, despite the fact that Street's claims were expired.[7]

The court of appeals first remanded the case for determination of whether Street's claims against S&ME were "properly classified a cross-claims such that the statute of limitations would be tolled pursuant to W. Va. Code § 55–2–21"—that is, whether the claims "aris[e] out of the [same] transaction or occurrence" as the original action. *Id.* at 308-09 (quoting W. Va. R. Civ. P. 13(g)). The court then noted that "[s]hould the circuit court determine that Street's claims were independent causes of actions rather than cross-claims, genuine issues of material fact exist such that a trier of fact should determine if and when the discovery rule should be applied." *Id.* at 310. Although the supreme court of appeals' decision in *J.A. Street* does not explicitly state that § 55-

---

for negligence in site preparation work, which was amended on December 11, 2007, to include Street as a defendant. Street filed cross-claims against S&ME on January 14, 2008.

[7] If the circuit court did not believe that § 55-2-21 could resurrect expired claims, then it would have been pointless for the circuit court to note that Street's causes of action against S&ME were not cross-claims. This is because if § 55-2-21 could not resurrect expired claims, then Street's causes of action against S&ME would have been time-barred regardless of whether they were cross-claims or independent causes of action.

2-21 can resurrect already-expired claims, the instructions for remand indicate that § 55-2-21 does have this power. The first operative question on remand was whether Street's causes of action are cross-claims; the date of accrual of Street's claims only becomes relevant if the causes of action are *not* cross-claims. This suggests that the expiration of Street's claims against S&ME is irrelevant for purposes of § 55-2-21 as long as the claims are cross-claims. Furthermore, if the court was merely deciding that § 55-2-21 tolled cross-claims that were unexpired as of the time the underlying civil action commenced, then the court would have to demand yet another step on remand: the circuit court on remand would have to decide what year the statute's tolling power began for this case. Therefore, it appears that § 55-2-21 applies to tolls Davis & Burton's claims.

The statute begins with the phrase "[a]fter a civil action is commenced." This Court believes that, based on *J.A. Street*, this phrase does not literally require that the tolling only starts after the underlying civil action is filed. The supreme court of appeals interprets the statute to mean that "*during the pendency* of a civil action, the statute of limitation shall be tolled as to any cross-claim that has been or may be asserted therein." 724 S.E.2d at 308 (emphasis added). Therefore, as long as the underlying civil action is pending, the third party claim can be properly maintained; the third party claim's survival does not depend on whether its statute of limitations expired before or after the underlying civil action commenced.

MACTEC points out that interpreting § 55-2-21 so that it can "resurrect or revive" already-expired claims provides opportunities for harmful collusion among parties to circumvent otherwise-applicable statutes of limitation. ECF No. 72, at 10. However, the Court is not persuaded by this concern, as the present case does not appear to involve such collusion.

Therefore, the Court will not dismiss any of Third Party Plaintiff Davis & Burton's claims against Third Party Defendant MACTEC as time-barred.

### III. Breach of Implied Warranty of Plans and Specifications

Davis & Burton allege that MACTEC is liable for breach of implied warranty of plans and specifications, in that "MACTEC provided plans, specifications, work orders and directives to be followed and relied upon by the Third Party Plaintiffs," "MACTEC did not prepare these [items]. . . with the ordinary skill, care and diligence commensurate with that rendered by other members of their profession," and Davis & Burton nonetheless complied with these plans and other items, which resulted in damage to Davis & Burton. Third Party Compl. ¶¶ 25-27. MACTEC argues that this cause of action should be dismissed because "by Davis & Burton's own admission, MACTEC did anticipate and warn of exactly the harm that arose," and therefore MACTEC disclaimed any warranty and violated no such duty. ECF No. 61, at 10 (citing Third Party Compl.). Specifically, "MACTEC issued warnings to other firms performing work on the Project about the unsuitability of the corrugated pipe used to install the storm water drainage system." *Id.* at 10 (quoting Third Party Compl. ¶ 20). Davis & Burton, in its response to the motion to dismiss, does not address these grounds for dismissing the claim.

In support of dismissal, MACTEC again points to *Eastern Steel*, where the Supreme Court of Appeals of West Virginia discussed the existence of this implied warranty:

> [A] design professional (e.g. an architect or engineer) providing plans and specifications that will be followed by a contractor in carrying out some aspect of a design, impliedly warrants to the contractor, notwithstanding the absence of privity of contract between the contractor and the design professional, that such plans and specifications have been prepared with the ordinary skill, care and diligence commensurate with that rendered by members of his or her profession.

549 S.E.2d at 277. MACTEC emphasizes that this warranty only covers situations where professionals "provide" plans and specifications, and that because "MACTEC warned that the use of corrugated pipe as selected by other parties could lead to pipe deformation," MACTEC did not create a warranty. ECF No. 61, at 10.

Although the Court is troubled by Third Party Plaintiff's failure to refute dismissal of this cause of action, the Court nonetheless finds that this claim can proceed. This Court notes that MACTEC is alleged to have "rendered opinions" about site work and to have "provided plans, specifications, work orders and directives to be followed and relied upon by others." Third Party Compl. ¶¶ 7, 25. Other parties may not have followed MACTEC's proposed changes to the system—and the system ultimately failed as predicted—yet Third Party Plaintiff alleges that "MACTEC proposed these changes without doing a thorough analysis and knew, or should have known, that the changes it proposed would not preserve the integrity of the system." *Id.* ¶ 17. Based on these allegations, and other allegations in the Third Party Complaint, Third Party Plaintiffs have sufficiently alleged breach of implied warranty of plans and specifications.

## Conclusion

For the reasons stated above, the motion to dismiss is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 19, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE